**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | : | |
|---|---|---|
| CARLTON ELLIOT GRANT, | : | |
| | : | **Civil Action No. 22-2886 (JXN) (ESK)** |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| MR. DON ROBERT, *et al*, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**NEALS**, District Judge:

Currently before the Court is Plaintiff Carlton Elliot Grant's Amended Complaint [ECF No. 3] and application to proceed *in forma pauperis* [ECF No. 1-1]. Based on the information contained in Plaintiff's application to proceed *in forma pauperis*, the Court finds that leave to proceed in this Court without prepayment of fees is authorized, 28 U.S.C. § 1915, and will therefore order the Clerk of the Court to file Plaintiff's Amended Complaint. As the Court grants Plaintiff's application to proceed *in forma pauperis*, the Amended Complaint is subject to *sua sponte* screening by the Court. 28 U.S.C. § 1915(e)(2). The Court finds that Plaintiff's Amended Complaint does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure and will dismiss Plaintiff's Amended Complaint without prejudice to the filing of a second amended complaint within thirty (30) days.

**I.     BACKGROUND**

Plaintiff initiated this action on May 20, 2022. Compl, ECF No. 1. On July 26, 2022, Plaintiff filed an Amended Complaint against various employees of Experian for defamation of

character and violations under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, et seq.[1]

In the Amended Complaint, Plaintiff alleges the following:

> In the month of December of 2021, I discovered Experian consumer reporting agency published several unauthorized items on my consumer report. I sent a notice of disputed information to Experian consumer reporting agency on 1/19/2022 via USPS Certified mail. The consumer reporting agency then notified the defendant furnisher of the dispute and the furnisher failed to investigate and modify the inaccurate information.

Am. Compl. at 1. As a result, Plaintiff alleges that he has "suffered from depression, suicidal thoughts and Marital instability." *Id.*

## II. DISCUSSION

Under Rule 8, a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each averment in a complaint must likewise be "concise and direct." Fed. R. Civ. P. 8(e)(1). A district court may dismiss a complaint *sua sponte* for failure to comply with Rule 8. *Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014). A complaint may therefore be dismissed pursuant to Rule 8 where the "'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir. 1995)).

To state a viable claim under the FCRA, a plaintiff must allege that he "(1) sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." *Henderson v. Equable Ascent Financial, LLC*, Case No. 11-3576, 2011 WL 5429631, at *3 (D.N.J. Nov. 4, 2011). "The furnisher's duty to investigate is not

---

[1] This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331.

triggered until it receives notice from the credit reporting agency of the consumer's dispute." *Id.* (citing cases).

Here, Plaintiff does not allege sufficient facts to assert a viable cause of action under the FCRA. Plaintiff's Amended Complaint does not allege facts from which a reader, even construing the complaint liberally, could glean the essential elements of the claim. The Amended Complaint does not say what the negative credit information consisted of, or in what respect it was false. It states that Plaintiff sent a notice of dispute to Experian consumer reporting agency, but it does not state that Plaintiff notified the credit reporting agency, as required. *See Soliz v. Client Services, Inc.*, Case No. 11-4210, 2011 WL 4343730, at *2 (D.N.J. Sept. 14, 2011) (dismissing FCRA claim where consumer alleged he had notified the furnisher of information, but not the credit agency, of the dispute). In short, this Amended Complaint, even construed liberally, does not rise above the sort of conclusions and labels found inadequate in *Twombly* and *Iqbal*.

Plaintiff's defamation claim, which is based solely on the alleged violation of the FCRA, is preempted. *See Gittens v. Sterling Jewelers Inc.*, No. 15-CV-5872 (KM), 2016 WL 828098, at *2 (D.N.J. Feb. 29, 2016) (citing cases). Recently, in *Parker v. Lehigh Cty. Domestic Relation Court*, 621 F. App'x 125 (3d Cir. 2015), the Third Circuit upheld such a dismissal, stating that there was nothing in the complaint sufficient to indicate the kind of malice or intent that might overcome preemption. *Id.* at 130 (citing 15 U.S.C. § 1681h(e) preemption of defamation regarding report to "consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure"). Plaintiff has not alleged that any of the defendants furnished false information with malice or willful intent to injure. Thus, Plaintiff's defamation claim is also dismissed.

Accordingly, the Court will dismiss Plaintiff's Amended Complaint without prejudice. Plaintiff, however, shall be given leave to file a second amended complaint.

### III. CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and Plaintiff's Amended Complaint shall be filed. As Plaintiff has failed to provide the necessary short and plain statement required by Rule 8, however, Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff is given leave to file a second amended complaint within **thirty (30) days**.[2] An appropriate Order accompanies this Opinion.

Date: November 8, 2022

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

---

[2] Should Plaintiff fail to file an Amended Complaint within thirty days, this action will be dismissed with prejudice.