UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLTON ELLIOT GRANT, | |
| Plaintiff, | Civil Action No. 22-2886 (JXN) (ESK) |
| v. | OPINION |
| MR. DON ROBERT, *et al*, | |
| Defendant. | |

**NEALS**, District Judge:

Currently before the Court is Plaintiff Carlton Elliot Grant's Second Amended Complaint [ECF No. 7], which is subject to *sua sponte* screening by the Court. 28 U.S.C. § 1915(e)(2). The Court finds that Plaintiff's Second Amended Complaint does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure and will dismiss Plaintiff's Second Amended Complaint without prejudice.

**I.     BACKGROUND**

Plaintiff initiated this action on May 20, 2022. Compl, ECF No. 1. On July 26, 2022, Plaintiff filed an Amended Complaint against various employees of Experian for defamation of character and violations under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, *et seq*. ECF No. 3. The Court dismissed Plaintiff's Amended Complaint without prejudice, finding that Plaintiff's defamation claim was preempted, and that Plaintiff did not allege sufficient facts to assert a viable cause of action under the FCRA. ECF No. 4.

On December 1, 2022, Plaintiff filed a Second Amended Complaint alleging that he is suing "Mr. Don Robert, Mr. Brian Cassin, Mr. Kerry Williams, Mr. Craig Boundy, Mr. Willie

Ivory, Ms. Joy Allison and Ms. Cheryl Beste of Experian, the consumer reporting agency for Defamation of Character regarding the numerous FCRA violations pertaining to my consumer report." SAC, ECF No. 7. Plaintiff alleges that the violations have caused him "extreme shame and embarrassment by my family, friends and associates alike." *Id.* at 1.

## II. LEGAL STANDARD

Once an IFP application has been granted, the Court is required to screen the complaint and dismiss the action *sua sponte* "if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards." *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6) or dismiss any defendant who is immune from suit. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c).

Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

(1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
(2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

To survive *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels or conclusions' or

'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that *pro se* pleadings must be construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086–87 (3d Cir. 1995).

### III. DISCUSSION

As styled, Plaintiff's Second Amended Complaint must be dismissed. In fulfilling its obligation to screen complaints for *sua sponte* dismissal, the Court identifies three major deficiencies. First, Plaintiff Second Amended Complaint does not sufficiently state a viable claim under the FCRA. To state a viable claim under the FCRA, a plaintiff must allege that he "(1) sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." *Henderson v. Equable Ascent Financial, LLC*, Case No. 11-3576, 2011 WL 5429631, at *3 (D.N.J. Nov. 4, 2011). "The furnisher's duty to investigate is not triggered until it receives notice from the credit reporting agency of the consumer's dispute." *Id.* (citing cases). Moreover, "[t]his standard requires that a plaintiff show that the disputed information was inaccurate." *Klotz v. Trans Union, LLC,* 246 F.R.D. 208, 212 (E.D. Pa. 2007).

Here, Plaintiff alleges in conclusory fashion that he "notified Experian, the consumer reporting agency as required, of disputed information on my consumer report. Experian, the

3

consumer reporting agency then notified the defendant furnisher of the dispute and the furnisher failed to investigate and modify the inaccurate information." SAC, ECF No. 7 at 1. The Second Amended Complaint, however, does not allege what the negative credit information consisted of, or in what respect it was false. As noted above, to state a claim under the FCRA, Plaintiff must show that "the furnisher failed to investigate and modify the ***inaccurate information***." *Henderson*, Case No. 11-3576, 2011 WL 5429631, at *3 (emphasis added). Absent such allegations, the Court cannot discern whether the information provided to the furnisher was inaccurate. *See Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 212 (E.D. Pa. 2007) ("A claim under 1681i will also fail if the consumer cannot show that the information in his or her file was inaccurate.").

Second, Plaintiff's factual "Statement of Claim" is devoid of sufficient detail to maintain an action against Defendants. As far as the Court understands, Plaintiff notified Experian of disputed information on his credit report. SAC at 2. Plaintiff alleges that this disputed information contains "willful intent to injure [his] character and name." *Id.* But to state a plausible claim under the FCRA, Plaintiff must say more about why Defendants' actions were unlawful, and how Plaintiff is entitled to relief. *See Fowler*, 578 F.3d at 210–11 (explaining the pleading standard and identifying how district courts evaluate a plaintiff's claims); Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "[a] short and plain statement of the claim *showing* that the pleader is entitled to relief") (emphasis added). Without additional clarity from Plaintiff, this Court cannot satisfy itself that this action is not, simply, frivolous. *See Neitzke*, 490 U.S. at 325 (explaining that a complaint is frivolous if it "lacks an arguable basis either in law or in fact").

Finally, Plaintiff's defamation claim is preempted. *See* ECF No. 4; *see also Gittens v. Sterling Jewelers Inc.*, No. 15-CV-5872 (KM), 2016 WL 828098, at *2 (D.N.J. Feb. 29, 2016) (citing cases). Recently, in *Parker v. Lehigh Cty. Domestic Relation Court*, 621 F. App'x 125 (3d

Cir. 2015), the Third Circuit upheld such a dismissal, stating that there was nothing in the complaint sufficient to indicate the kind of malice or intent that might overcome preemption. *Id.* at 130 (citing 15 U.S.C. § 1681h(e) preemption of defamation regarding report to "consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure"). Plaintiff has not sufficiently alleged that any of the Defendants furnished false information with malice or willful intent to injure.

IV. **CONCLUSION**

For the reasons stated above, Plaintiff's Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may seek to file a third amended complaint, remedying the deficiencies outlined above, within **twenty-one (21) days** of this Opinion and the corresponding Order. Additionally, should Plaintiff feel as though this Court has misconstrued his claims, he should clarify and specifically state his causes of action in an amended complaint. An appropriate Order shall issue on this date.

**Date:** April 26, 2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge